THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* RAMÍREZ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery

No. 854.—Decided January 25, 1916.

ASSAULT AND BATTERY—INFORMATION.—An information need only charge clearly that the defendants committed the assault and battery by throwing stones at the victim and striking him with their fists, for in charging all it charged each of them with the commission of the acts.

ID.—INFORMATION—MISDEMEANOR—JURISDICTION.—The fact that an information charging a misdemeanor is filed in a district court without giving the defendant an opportunity to be tried first in the municipal court does not deprive him of any material right.

ID.—AGGRAVATING CIRCUMSTANCES.—The fact that some of the defendants who were charged with assaulting and beating an old man were not persons of robust health and strength, but were sick and delicate, cannot serve as a basis for not finding such aggravating circumstances as regards the other defendants whose physical condition was different.

ID.—CLASSIFICATION OF OFFENSE.—Courts are not bound to classify offenses according to the opinions of witnesses, but in accordance with the law.

The facts are stated in the opinion.
*Mr. Manuel Benítez Flores* for the appellants.
*Mr. Salvador Mestre, fiscal,* for the appellee.
MR. JUSTICE ALDREY delivered the opinion of the court.

An information having been filed in the District Court of San Juan, Section 2, charging divers individuals with the crime of aggravated assault and battery in that, being persons of robust bodily health and strength, they assaulted and beat Tomás Rosado, an old man, by throwing stones at him and striking him with their fists, the three appellants, Rafael Ramírez, Teodomiro Ramírez and Manuel Ramírez, were convicted of the said offense.

The first assignment alleges that the court erred in overruling the demurrer to the information on the ground that it did not specify in detail how the assault and battery was committed nor the participation therein of each of the defendants in relation to the alleged injured party.

The information plainly charges that the defendants committed the assault and battery by throwing stones at Tomás Rosado and striking him with their fists; therefore in charging all with the commission of the said acts it charged each of them and consequently no further particularization was necessary.

Defendants also assign as error that the information was filed in the district court without giving them an opportunity to be first tried in the municipal court. This question was considered carefully and decided against that proposition in the case of *The People* v. *Adorno,* 17 P. R. R. 1059, which has been cited in subsequent cases.

The third assignment of error is that it was not proven that all the defendants were persons of robust health and strength, inasmuch as some of them were sick and delicate persons, such as Manuel Silva, who died shortly after, and the lad José Maldonado.

Neither of these two persons was convicted and therefore the fact that they were not persons of robust health and strength cannot serve as a reason for not finding that aggravating circumstance as regards the three persons who were found guilty, the appellants, and whose physical condition was not like that of the other two.

The fourth and fifth grounds of appeal are that there was no assault and battery but a breach of the peace because the witnesses testified that there was a rout. We need only say that courts are not bound to classify offenses according to the opinions of witnesses but in accordance with the law, and as the evidence showed that the appellants committed acts of assault. and battery upon the old man, Tomás Rosado, the court did not commit the errors attributed to it.

The judgment should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.